**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

ROSARIO JUAREZ, and ELI DIAZ ACOSTA )
        Plaintiffs, )
        vs. ) Court No.:
)
SHARP TRANSIT LLC., MICHAEL WHITE )
individually and as agent of SHARP TRANSIT LLC)
and DAVID MAHAFFEY, )
        Defendants. )

## COMPLAINT

Plaintiffs, Rosario Juarez and Eli Diaz Acosta, through their attorneys, the Law Offices of Robert Montgomery, complaining of Defendants, Sharp Transit, LLC., a foreign limited liability company, Michael White, individually and as agent of Sharp Transit, LLC and David Mahaffey, states as Follows:

## JURISDICTIONAL ALLEGATIONS

1. On or about January 6, 2022, and at all relevant times herein, Plaintiffs, Rosario Juarez and Eli Diaz Acosta, were citizens and residents domiciled in the State of Illinois.

2. On January 6, 2022, and at all relevant times thereafter, Defendant, David Mahaffey (Hereinafter Mahaffey), was a citizen and a resident domiciled in this jurisdictional district of the State of Indiana.

3. On January 6, 2022, and at all relevant times herein, Defendant, Sharp Transport, LLC, (hereinafter SHARP), was a limited liability company registered as same in the State of North Carolina and with its principal place of business in the State of North Carolina.

1

4. On January 6, 2022, and at all relevant times herein, Defendant, MARK White (hereinafter White), was a citizen and a resident domiciled in the State of Michigan.

5. Plaintiffs' cause of action arises from an incident occurring within LaPorte County, Indiana, which is located within this Judicial District.

6. There is complete diversity of citizenship of the parties.

7. This Court has original jurisdiction over this action under 28 U.S.C. 1331 and 1332, resulting from the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

8. This cause of action involves a collision on an interstate highway between a tractor trailer operated in interstate commerce and passenger vehicles.

9. At all times material hereto, the State of Indiana has adopted the Federal Motor Carrier Safety Regulations as standards and laws of the State of Indiana.

## ALLEGATIONS COMMON TO ALL COUNTS

10. On January 6, 2022, and at all times relevant herein, SHARP was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as these terms are used and defined in the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 CFR Parts 390, *et seq.* (hereinafter, "Federal Regulations").

11. On January 6, 2022, and at the time of the collision, White was a commercial truck driver in the use, possession, operation and control of a certain commercial motor vehicle owned and maintained by Sharp and governed by the aforementioned Federal Regulations

12. At said time and place and by reason of the use and operation of said

2

commercial motor vehicle by its agent, SHARP and WHITE, and each of them, had a duty to comply with the rules, regulations and standards set forth in the Federal Regulations and the Commercial Motor Vehicle Drivers Manual for the safety of others lawfully on the public roadway.

13. On or about January 6, 2022, Plaintiffs were passengers in a motor vehicle moving in an easterly direction on Interstate 94 at or near mile marker 36.8 in LaPorte County, Indiana.

14. At the aforesaid time and place, WHITE was the agent of SHARP commercial motor vehicle in an easterly direction on Interstate 94 at or near mile marker 36.8 in LaPorte County, Indiana, behind the vehicle in which Plaintiffs were passengers.

15. At the aforesaid time and place, WHITE was the employee of SHARP.

16. At the aforesaid time and place, WHITE was the agent of SHARP.

17. At the aforesaid time and place, WHITE was driving the aforementioned commercial motor vehicle in furtherance of the commercial business of SHARP.

18. At the aforesaid time and place, WHITE was in the course and scope of his agency and or employment with SHARP.

19. At the aforesaid time and place, SHARP controlled and directed the destination, conduct and hours of employment of WHITE.

20. At all relevant times the Plaintiffs were in the exercise of ordinary care for their own safety.

## COUNT I

### ROSARIO JUAREZ v. SHARP TRANSPORT, LLC

1-20. ROSARIO JUAREZ re-states and realleges paragraphs 1 through 20 of the

Allegations Common to All Counts as paragraphs 1 through 20 of Count I.

21. At said time and place and by reason of the use and operation of said commercial motor vehicle, SHARP and WHITE, and each of them, had a duty to exercise reasonable care in the driving of the commercial motor vehicle for the safety of others lawfully on the public roadway.

22. At said time and place and by reason of the use and operation of said commercial motor vehicle, SHARP and WHITE, and each of them, had a duty to comply with the rules, regulations and standards set forth in the Federal Motor Carrier Safety Regulations and the Commercial Motor Vehicle Drivers Manual for the safety of others lawfully on the public roadway.

23. At said time and place by reason of its status as owner and or lessor of the commercial motor vehicle operated by its agent, SHARP had a duty to exercise reasonable care to maintain its vehicles in a good state of repair, in the selection of its agents authorized to drive motor vehicles, and to maintain proper supervisory control over its agents so as to provide for the safety of others lawfully on or upon public streets.

24. Notwithstanding said their duties and in breach thereof, SHARP and WHITE, and each of them, committed one or more of the following careless and negligent acts or omissions:

   a. operated said commercial motor vehicle at a speed greater than was reasonable or proper under the circumstances;

   b. disobeyed traffic signs and controls regulating vehicles on said public way;

   c. failed to give an appropriate notice, signal, or warning of the approach of the motor vehicle to Plaintiffs' motor vehicle;

   d. failed to keep the commercial motor vehicle under control;

4

  e. failed to keep a proper lookout for traffic on the roadway;

  f. failed to properly reduce the speed of the vehicle to avoid a foreseeable and impending motor vehicle collision;

  g. failed to exercise caution to avoid an impending motor vehicle collision

  h. failed to yield the right of way;

  i. failed to properly supervise and train its agents.

  j. failed to exercise reasonable care in the hiring, training, supervision, and retention of WHITE, specifically where said SHARP knew, or in the exercise of reasonable care should have known that WHITE was not properly trained or supervised and should not have been retained to operate commercial motor vehicles; or

  k. carelessly entrusted the commercial motor vehicle to a person without the skill, knowledge, and training commensurate with safely operating its vehicles.

25. On said date the aforementioned negligence of SHARP and WHITE, and each of them, were a proximate cause of a motor vehicle collision wherein Plaintiffs were injured and sustained harms and losses including lost income all which with the exercise of proper caution by the Defendants, could have been avoided.

26. As a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions of SHARP and WHITE, and each of them, Plaintiff then and there sustained severe, permanent and painful injuries, both internally and externally, which necessitated the expenditure and will in the future necessitate the expenditure of large sums of money for medical care and services related to their injuries and was and will in the future prevent them from attending to their duties and affairs, and has lost and will in the future cause them to lose the value of that time. Further, Plaintiff has been caused to lose income and will lose income in the future. Additionally, the Defendants' negligence has caused the Plaintiff to be more susceptible to additional

injurie.

WHEREFORE, ROSARIO JUAREZ prays for the entry of a judgment against SHARP TRANSPORT, LLC, in an amount that is fair and reasonable in excess of $75,000, and any other relief deemed reasonable and just. Plaintiff further demands trial by jury.

## COUNT II
## ELI DIAZ ACOSTA v. SHARP TRANSPORT, LLC

1-20.  ELI DIAZ ACOSTA re-states and realleges paragraphs 1 through 20 of the Allegations Common to All Counts as paragraphs 1 through 20 of Count II.

21.  At said time and place and by reason of the use and operation of said commercial motor vehicle, SHARP and WHITE, and each of them, had a duty to exercise reasonable care in the driving of the commercial motor vehicle for the safety of others lawfully on the public roadway.

22.  At said time and place and by reason of the use and operation of said commercial motor vehicle, SHARP and WHITE, and each of them, had a duty to comply with the rules, regulations and standards set forth in the Federal Motor Carrier Safety Regulations and the Commercial Motor Vehicle Drivers Manual for the safety of others lawfully on the public roadway.

23.  At said time and place by reason of its status as owner and or lessor of the commercial motor vehicle operated by its agent, SHARP had a duty to exercise reasonable care to maintain its vehicles in a good state of repair, in the selection of its agents authorized to drive motor vehicles, and to maintain proper supervisory control over its agents so as to provide for the safety of others lawfully on or upon public streets.

24.  Notwithstanding said their duties and in breach thereof, SHARP and

6

WHITE, and each of them, committed one or more of the following careless and negligent acts or omissions:

    a.    operated said commercial motor vehicle at a speed greater than was reasonable or proper under the circumstances;

    b.    disobeyed traffic signs and controls regulating vehicles on said public way;

    c.    failed to give an appropriate notice, signal, or warning of the approach of the motor vehicle to Plaintiffs' motor vehicle;

    d.    failed to keep the commercial motor vehicle under control;

    e.    failed to keep a proper lookout for traffic on the roadway;

    f.    failed to properly reduce the speed of the vehicle to avoid a foreseeable and impending motor vehicle collision;

    g.    failed to exercise caution to avoid an impending motor vehicle collision

    h.    failed to yield the right of way;

    i.    failed to properly supervise and train its agents.

    j.    failed to exercise reasonable care in the hiring, training, supervision, and retention of WHITE, specifically where said SHARP knew, or in the exercise of reasonable care should have known that WHITE was not properly trained or supervised and should not have been retained to operate commercial motor vehicles; or

    k.    carelessly entrusted the commercial motor vehicle to a person without the skill, knowledge, and training commensurate with safely operating its vehicles.

    i.    failed to operate the commercial vehicle consistent wit thew Federal Motor Carrier Safety Regulations.

25.    On said date the aforementioned negligence of SHARP and WHITE, and each of them, were a proximate cause of a motor vehicle collision wherein Plaintiffs were injured and sustained harms and losses including lost income all which with the exercise

of proper caution by the Defendants, could have been avoided.

26.    As a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions of SHARP and WHITE, and each of them, Plaintiff then and there sustained severe, permanent and painful injuries, both internally and externally, which necessitated the expenditure and will in the future necessitate the expenditure of large sums of money for medical care and services related to their injuries and was and will in the future prevent them from attending to their duties and affairs, and has lost and will in the future cause them to lose the value of that time. Further, Plaintiffs have been caused to lose income and will lose income in the future. Additionally, the Defendants' negligence has caused the Plaintiff to be more susceptible to additional injuries.

WHEREFORE, ELI DIAZ ACOSTA prays for the entry of a judgment against SHARP TRANSPORT, LLC, in an amount that is fair and reasonable in excess of $75,000, and any other relief deemed reasonable and just. Plaintiff further demands trial by jury.

## COUNT III
## ROSARIO JUAREZ v. MARK WHITE

1-20.  ROSARIO JUAREZ re-states and realleges paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count III.

21.    At all times heretofore mentioned it was the duty of WHITE to exercise ordinary care for the safety of the person and property of others.

22.    Notwithstanding said duty and in breach thereof, WHITE then and there carelessly and negligently did, or failed to do one or more of the following acts:

      a.    drove said vehicle at a speed greater than was reasonable or proper under the circumstances;

  b. disobeyed traffic signs and controls regulating vehicles on said public way;

  c. failed to give an appropriate notice, signal, or warning of the approach of the motor vehicle to Plaintiffs;

  d. failed to keep the motor vehicle under control;

  e. failed to keep a proper lookout for traffic on the roadway;

  f. failed to properly reduce the speed of the vehicle to avoid a foreseeable and impending motor vehicle collision

  g. failed to exercise caution to avoid an impending motor vehicle collision

  h. failed to yield the right of way.

  i. failed to operate the commercial vehicle consistent with the Federal Motor Carrier Safety Regulations.

23. As a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions of WHITE, Plaintiff then and there sustained severe, permanent and painful injuries, both internally and externally, which necessitated the expenditure and will in the future necessitate the expenditure of large sums of money for medical care and services related to their injuries and was and will in the future prevent them from attending to their duties and affairs, and has lost and will in the future cause them to lose the value of that time. Further, Plaintiffs has been caused to lose income and will lose income in the future. Additionally, the Defendants' negligence has caused the Plaintiff to be more susceptible to additional injuries.

  WHEREFORE, ROSARIO JUAREZ prays for the entry of a judgment against MARK WHITE in an amount that is fair and reasonable in excess of $75,000, and any other relief deemed reasonable and just. Plaintiff further demands trial by jury.

## COUNT IV
## ELI DIAZ ACOSTA v. MARK WHITE

1-20.   ELI DIAZ ACOSTA re-states and realleges paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count IV.

21.   At all times heretofore mentioned it was the duty of WHITE to exercise ordinary care for the safety of the person and property of others.

22.   Notwithstanding said duty and in breach thereof, WHITE then and there carelessly and negligently did, or failed to do one or more of the following acts:

   a. drove said vehicle at a speed greater than was reasonable or proper under the circumstances;

   b. disobeyed traffic signs and controls regulating vehicles on said public way;

   c. failed to give an appropriate notice, signal, or warning of the approach of the motor vehicle to Plaintiffs;

   d. failed to keep the motor vehicle under control;

   e. failed to keep a proper lookout for traffic on the roadway;

   f. failed to properly reduce the speed of the vehicle to avoid a foreseeable and impending motor vehicle collision

   g. failed to exercise caution to avoid an impending motor vehicle collision

   h. failed to yield the right of way.

   i. failed to operate the commercial vehicle consistent with the Federal Motor Carrier Safety Regulations.

23.   As a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions of WHITE, Plaintiff then and there sustained severe, permanent and painful injuries, both internally and externally, which necessitated the expenditure and will in the future necessitate the expenditure of large sums of money for

medical care and services related to their injuries and was and will in the future prevent them from attending to their duties and affairs, and has lost and will in the future cause them to lose the value of that time. Further, Plaintiff has been caused to lose income and will lose income in the future. Additionally, the Defendants' negligence has caused the Plaintiff to be more susceptible to additional injuries.

WHEREFORE, ELI DIAZ ACOSTA prays for the entry of a judgment against MARK WHITE in an amount that is fair and reasonable in excess of $75,000, and any other relief deemed reasonable and just.  Plaintiff further demands trial by jury.

## COUNT V
## ROSARIO JUAREZ DAVID MAHAFFEY

1-20.  ROSARIO JUAREZ re-states and realleges paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count V.

21. At all times heretofore mentioned, it was the duty of MAHAFFEY to exercise ordinary care for the safety of the person and property of others.

22. Notwithstanding said duty as heretofore alleged, MAHAFFEY then and there carelessly and negligently did, or failed to do one or more of the following acts:

    a. drove said vehicle at a speed greater than was reasonable or proper under the circumstances;

    b. failed to keep the motor vehicle under control;

    c. failed to keep a proper lookout for traffic on the roadway;

    d. failed to properly reduce the speed of the vehicle to avoid a foreseeable and impending motor vehicle collision

23. As a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions of MAHAFFEY, Plaintiff then and there sustained severe, permanent and painful injuries, both internally and externally, which necessitated

the expenditure and will in the future necessitate the expenditure of large sums of money for medical care and services related to their injuries and was and will in the future prevent them from attending to their duties and affairs, and has lost and will in the future cause them to lose the value of that time. Further, Plaintiff has been caused to lose income and will lose income in the future. Additionally, the Defendants' negligence has caused the Plaintiff to be more susceptible to additional injuries.

WHEREFORE, ROSARIO JUAREZ prays for the entry of a judgment against DAVID MAHAFFEY in an amount that is fair and reasonable in excess of $75,000, and any other relief deemed reasonable and just. Plaintiff further demands trial by jury.

## COUNT VI
## ELI DIAZ ACOSTA v. DAVID MAHAFFEY

1-20. ELI DIAZ ACOSTA re-states and realleges paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count VI.

21. At all times heretofore mentioned, it was the duty of MAHAFFEY to exercise ordinary care for the safety of the person and property of others.

22. Notwithstanding said duty as heretofore alleged, MAHAFFEY then and there carelessly and negligently did, or failed to do one or more of the following acts:

    a. drove said vehicle at a speed greater than was reasonable or proper under the circumstances;

    b. failed to keep the motor vehicle under control;

    c. failed to keep a proper lookout for traffic on the roadway;

    d. failed to properly reduce the speed of the vehicle to avoid a foreseeable and impending motor vehicle collision

23. As a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions of MAHAFFEY, Plaintiff then and there sustained

severe, permanent and painful injuries, both internally and externally, which necessitated the expenditure and will in the future necessitate the expenditure of large sums of money for medical care and services related to their injuries and was and will in the future prevent them from attending to their duties and affairs, and has lost and will in the future cause them to lose the value of that time. Further, Plaintiff has been caused to lose income and will lose income in the future. Additionally, the Defendants' negligence has caused the Plaintiff to be more susceptible to additional injuries.

WHEREFORE, ELI DIAZ ACOSTA prays for the entry of a judgment against DAVID MAHAFFEY in an amount that is in excess of $75,000.00 and fair and reasonable plus costs.

Plaintiff further demands trial by jury.

Respectfully submitted,

/s/Robert A. Montgomery
Robert A. Montgomery
Attorney at Law


Robert A. Montgomery
9013 Indianapolis Blvd
Highland, IN  46322
Ph:219-923-7000; Fax:  219-931-7110
rm@rmontlaw.com
Attorney Code 9327-98